be understood as questioning the case of *Barrie* v. *Dana*, or as doubting that, in all cases, the roll should be filed before execution can issue. We have been governed much by the peculiar circumstances attending this particular case. The subsequent creditor knew of the judgment, and relied solely on technical ground to defeat it. We hear no complaints from the party defendant.

UTICA,
Aug. 1824.

Jackson
v.
Miller.

Rule accordingly.

---

### JACKSON, *ex dem.* WILLIAMS and WASHBURN, *against* MILLER.

R. WESTON, for the defendant, moved that proceedings be stayed, on the part of the plaintiff, till the costs of a former ejectment, brought by *Jackson, ex dem. Miller,* (the now defendant) against *Washburn,* one of the lessors of the plaintiff, for the same premises now in question, in which a verdict and judgment were rendered for the then plaintiff. and a writ of possession executed, in virtue whereof the (now) defendant was put in possession, be paid. It appeared, by affidavit, that on the trial of the first ejectment, *Washburn,* the defendant, made title, by a lease from *Williams,* the other lessor in this suit, and that *Williams* claimed as heir of his father. On the trial of this cause, the same title came in question, on nearly the same evidence as in the first ; that a verdict was taken therein for the (now) plaintiff subject to the opinion of the Court, upon which a case had been made, but not yet argued, though it had been noticed for argument by the defendant's attorney. *Washburn* had absconded shortly after the trial of the first action, the costs of which had never been paid.

A motion to stay proceedings in a second suit, till the costs of a former suit for the same cause are paid, is in season, if made at any time while the latter is in a course of litigation. Thus, the court will hear it after verdict for the plaintiff in the second cause, subject to the opinion of the court, and a case made and noticed for argument by the defendant.

This motion was made on the authority of *Jackson, ex dem. Livingston et al.* v. *Edwards,* (1 *Cowen's Rep.* 138.)

*D. Russell,* contra, said the application was too late. The Court might as well be called on to stay a writ of possession, after judgment docketed. Where the defendant has thought

UTICA,
Aug. 1824.

Marsh
v.
Eastman.

proper to meet the question of title upon its merits, and that has been decided against him, the Court should not listen to an application of this kind. There is no case to be found where such an application has been sustained, at this stage of the proceedings. It would be unjust to permit a party to lie by, until the costs of the plaintiff have accumulated by a trial and verdict; and after nearly all the expense has been incurred which could arise in the whole course of the suit, then obtain a stay of proceedings. The application might, and should have been made at an earlier stage of the cause; and has been waived by delay.

*Curia.* We think otherwise; and that the application comes before us in season, if made at any time while the cause is in a course of litigation.

Motion granted.

---

## MARSH *against* EASTMAN.

*On certiorari,
the defendant
cannot compel
a return.
His course is
to non pros the
plaintiff in er-
ror, if he does
not cause a
return to be
made.*

On certiorari to a Justice's Court. The parties had proceeded to an issue of *in nullo est erratum*, without the Justice's having made any return; and now,

A motion was made, on the part of the defendant, for a rule requiring the Justice to make a return.

*Curia.* He should *non pros* the plaintiff, if he does not cause a return to be made. The defendant has no right to call upon the Justice to make a return. This is the business of the plaintiff.

Motion denied.